IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Patricia Surbella, et al.,           :

    Plaintiffs,                       :

  v.                                   :       Case No.  2:05-cv-0758

Mark Foley, et al.,                  :       JUDGE WATSON

    Defendants.                       :

<u>ORDER</u>

    This case is before the Court to consider the motion of plaintiffs to extend the expert witness disclosure deadline, which is currently March 1, 2006.  Opposing and reply memoranda have been filed.  For the following reasons, the Court will deny the motion.

    By way of procedural background, the parties conducted their Rule 26(f) conference in this case on November 29, 2005 and filed their report with the Court the same day.  The Court then entered a pretrial order on December 9, 2005, establishing, among other dates, March 1, 2006 as the date for plaintiffs to identify their expert witness.  That date was the date recommended in the Rule 26(f) report.  Plaintiffs did not disclose any expert witnesses by that date.

    On July 17, 2006, plaintiffs filed their motion for an extension of the March 1, 2006 deadline.  In their motion, they contended that they had not yet been given access to certain software being used by the defendants and that they needed access to the software both in order to determine whether it was identical to their software program and to retain an expert to testify about the results of that analysis.  In their motion, they argued only that no party will be prejudiced by the granting

of the motion, and did not address any reason for the delay other than that they "have not been given access" to the defendants' software.

Defendant Foley filed a memorandum in opposition to the motion in which he argues that the justification given for the delay - if, in fact, plaintiffs' lack of access to defendants' software is that justification - is specious because plaintiffs never requested access to that software.  Mr. Foley asserts that he was under no duty to provide plaintiffs with a copy of the software as part of his Rule 26(a)(1) disclosures and that, although plaintiffs served written discovery on him on June 20, 2006, that written discovery does not contain a request for the software at issue.  As a result, Mr. Foley argues that plaintiffs have simply failed to establish that they acted with due diligence in attempting to meet the March 1, 2006 deadline, and the Court should therefore not extend the date.

In their reply memorandum, plaintiffs do not dispute that the first written discovery that they served is dated June 20, 2006.  They argue, somewhat obliquely, that they should have received the software as part of the Rule 26(a)(1) disclosures, and they also argue that a catch-all document request for all documents and tangible things that the defendants intend to offer at trial, which was made as part of the June 20, 2006 written discovery, covers the software in question.  Consequently, they assert that the deadline should be extended due to defendants' non-compliance with their obligations under the Federal Rules of Civil Procedure.

First, the Court notes that defendants argue, incorrectly, that because no Rule 26(f) conference was ever held, they were never under an obligation to make disclosures under Rule 26(a)(1).  The Court's record clearly reflects that the parties met telephonically on November 29, 2005 for purposes of preparing

the Rule 26(f) report.  That meeting triggered the obligation to provide Rule 26(a)(1) disclosures.  Defendants appear to concede that they did not provide those disclosures within the time allowed under Rule 26 if, in fact, a Rule 26(f) conference was held in November of 2005.  Thus, the Court turns next to the question of whether plaintiff would have received the software in question had defendants complied with their Rule 26(a)(1) disclosure requirements.

Rule 26(a)(1) does not obligate a party to produce any documents.  Rather, the portion of the Rule which deals with documents requires the disclosing party to provide either a copy of all documents in the disclosing parties' possession which the disclosing party may use to support its claims or defenses or to provide a description by category and location of those documents.  Had defendants simply provided a description of the documents, it would have been incumbent upon plaintiffs to make a formal request for inspection or production of the documents.  Plaintiffs do not argue, and apparently cannot credibly argue, that they were unaware in December, 2005 that defendants possessed certain software which plaintiffs claim to be infringing.  As a result, with or without the disclosures, plaintiffs were in a position to request copies of the software immediately after the Rule 26(f) meeting of the parties.  Thus, their assertion that had defendants made appropriate Rule 26(a)(1) disclosures, they would have been able to meet the expert disclosure deadline because they would have received copies of the software as part of defendants' initial disclosures, is simply incorrect.

Further, the Court is not persuaded that plaintiffs have yet made a proper request for the software.  It seems unusual that if the software plays a central role in this case, plaintiffs' document request would not ask for the software specifically

3

other than in a generic request for trial exhibits.  It is not clear to the Court that defendants would use the software at trial as an exhibit.  Further, defendants may not yet have decided what documents to be used at trial.  In any event, the document request was not served until June 20, 2006, and required a response no earlier than July 20, 2006, more than four months after the date for disclosing experts, and additional months after the date when production of the software would have enabled plaintiffs to meet the expert disclosure date.  Consequently, the fact that plaintiffs may have belatedly requested production of the software on June 20, 2006 is irrelevant to the question of whether they exercised the appropriate measure of diligence in meeting the March 1, 2006 deadline.  Clearly, defendants cannot be faulted for not having produced the documents prior to March 1, 2006 because there was no document request pending which required such production.

    Plaintiffs, although they cite no case law, are in essence arguing that the Court should extend the dates set in a pretrial order issued pursuant to Fed. R. Civ. P. 16(b).  There are clear legal standards for entering such an order, and they are set forth below.

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

    Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders

4

are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

Here, plaintiffs have argued only that an extension of the expert witness deadline will not prejudice the defendants. As discussed above, the argument that defendants' failure to make timely Rule 26(a)(1) disclosures led to plaintiffs' inability to meet the expert disclosure deadline is both factually and legally unsupported. Under these circumstances, that Court simply cannot determine that plaintiffs were unable to meet the March 1, 2006 date even though they exercised due diligence in attempting to do so. Due diligence would have consisted of making a document request for the software promptly after the Rule 26(f) conference; asking the Court to compel Rule 26(a)(1) disclosures from defendants if plaintiffs believed that such disclosures would result in their obtaining a copy of the software; or filing

5

a motion for an extension of the expert disclosure date well prior to March 1, 2006 in order to allow plaintiffs to make a document request, obtain the software, and obtain the expert analysis which would then be disclosed in their expert reports. Not only did they do none of these things, they delayed in filing any discovery request directed to the software until June 20, 2006, and any motion to extend the deadline until July 17, 2006, without any explanation of why these delays occurred. Consequently, plaintiffs failed to act with the type of due diligence which is necessary to establish good cause for the modification of a Rule 16(b) pretrial order. Thus, they cannot rely simply on the absence of prejudice to the defendants as a foundation for obtaining such a modification.

In many cases, the refusal to extend the deadline set under Rule 16(b) order is an inconvenience to the party that has requested the extension but not fatal to that party's case. When expert witnesses are at issue, however, the result of refusing to modify the pretrial order may be the exclusion of an expert witness whose testimony is crucial to the success of the plaintiff's case. Under those circumstances, courts have showed some willingness to gloss over the requirements of Rule 16(b) and to consider whether, under Rule 37(c)(1), the sanction of exclusion of expert witness testimony is required. See e.g., Strozier v. Untied States Postal Service, 2005 WL 2141709 (D. Colo. Aug. 19, 2005). Even under that analysis, however, which includes the use of a four-factor test involving (1) the importance of the evidence, (2) the reasons for non-compliance with the expert witness disclosure deadline (3) prejudice to the opposing party and the Court, and (4) the ability of the opposing party and the Court to cure that prejudice, the question of whether non-compliance with the deadline can be substantially justified is a key factor. See North Star Mutual Insur. Co. v.

Zurich Insurance Co., 269 F.Supp. 2d 1140, 1145 (D. Minn. 2003); see also Transclean Corp. v. Bridgewood Services, 77 F.Supp.2d 1045 (D. Minn. 1999).  For example, in the North Star case, even though the Court considered these four factors in determining whether the sanction of excluding expert testimony should be applied, it concluded that because the only justification advanced by the non-complying party was confusion of the dates in the case before the Court with the dates in another case, the party had not shown diligence and there was therefore no substantial justification for its failure to comply with the deadline.  Similar results were reached in other cases involving the refusal to modify a pretrial order which, in turn, required the exclusion of expert testimony.  See Praxair, Inc. v. ATMI, Inc., 231 F.R.D. 457 (D. Del. 2005); Carlson v. Grobman, 133 F.R.D. 5 (D.N.H. 1990).

   For the reasons cited above, the Court cannot conclude that the plaintiffs' failure to meet the March 1, 2006 deadline was substantially justified.  There is simply no evidence in the record from which the Court could conclude that plaintiffs made any effort, let alone a diligent one, to identify an expert witness by that date.  Defendants, on the other hand, made their expert disclosures in a timely fashion.  There is no question that those expert disclosures would have to be redone, at additional expense to the defendants, were the Court to permit plaintiffs to identify an expert at this time.  Although a continuance of other deadlines and financial sanctions might also address the prejudice occasioned by plaintiffs' tardy disclosure of experts, allowing such measures would, under the facts of this case, simply permit the plaintiffs to ignore the expert witness deadline without substantial penalty.  Further, although plaintiffs argue in their memoranda that they cannot perform the necessary comparison of the software programs without an expert,

they do not support that argument with affidavits or other evidentiary materials explaining that expert testimony is necessary to perform a comparison of the salient features of the software or that such testimony is crucial to the success of their case.  Thus, the Court simply cannot evaluate the importance of the evidence based upon the record (or lack of record) made by the plaintiffs.  For all these reasons, the Court concludes that there is no justification for extending the March 1, 2006 expert disclosure date or for permitting plaintiffs to disclose an expert witness. Consequently, plaintiffs' motion for an extension (#43) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge

8