**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Patricia Surbella, et al.,

      Plaintiffs,

v.

      Case No. 2:05cv758
      Judge Michael H. Watson

Mark Foley, et al.,

      Defendants.

## OPINION AND ORDER

Before the Court is the March 10, 2006 Motion of Defendant Mark Foley (hereinafter "Defendant") to Dismiss for lack of Subject Matter Jurisdiction (Doc. 23). Plaintiffs Patricia Surbella (hereinafter "Surbella") and Arete/NEOLITH, Inc. (hereinafter "Arete") (hereinafter collectively "Plaintiffs") filed a Memorandum in Opposition on April 24, 2006 (Doc. 27).

This matter is now ripe for review. For the reasons stated herein, Defendant's Motion to Dismiss is hereby **DENIED**.

### I. FACTS

#### A. Background

For purposes of ruling on Defendant's Motion, the Court accepts as true the facts set forth in the Complaint.

In October 1992, Defendant created Novatec Automation Systems, Inc. (Hereinafter "Novatec"). (Doc, 1, ¶11) While he was the owner of Novatec, Foley and other individuals created a computer program with the acronym of STARS, State Teachers Assessment

Records System.  (Id., ¶18)  Arete was created in January 2003, and purchased by Surbella on May 27, 2004.  (Id., ¶¶ 21, 32)

In April 2003, Arete entered into negotiations for the purchase of computer hardware and software from Novatec, and on April 3, 2003, the sale of assets from the receiver was completed.  (Id., ¶¶23, 25)  Included in this sale was the STARS software.  (Id., ¶26)  Shortly thereafter, Foley, doing business as "J.M. Foley and Associates," entered into a service contract with Arete to service the STARS software in April 2003.  (Id. at ¶ 30.)  On May 1, 2003, Arete began using the STARS software to service a contract with the Ohio Department of Education.  (Id., ¶27)  After Surbella purchased Arete, she entered into a new service contract with Foley, through "J.M. Foley and Associates,"  for the continued service of the STARS software.  (Id., ¶34)  This agreement continued until Surbella terminated it on January 4, 2005.  (Id., ¶36)

Plaintiffs allege from January 23 through February 10, 2005, Foley and Defendant Novatec Software Engineering LLC accessed the STARS software from a previously undisclosed "backdoor" entrance which was written into the software by Foley.  (Id., ¶44)  As a result of these actions, Foley and others obtained possession of most elements of the STARS software, and all of the personal information of over 3,000 users, including social security numbers, home and work addresses, and other personal information.  (Id., ¶45)  Plaintiffs finally assert that on February 10, 2005, Foley and Defendant Novatec Software Engineering LLC  hijacked the STARS website and redirected its users to a fraudulent website under the Defendants' control.  (Id., ¶46)

### B. Procedural History

Foley filed an action against plaintiffs in the Knox County Court of Common Pleas on February 3, 2005. *Foley v. Surbella*, Case No. 05 OT 020049. In the Knox County action he claimed ownership of the STARS software, which he described as "proprietary intellectual property." On March 8, 2005, Plaintiffs filed a notice of removal in this Court, characterizing the action as one arising under the copyright laws of the United States, Case No. 2:05-cv-208. On March 25, 2005, Foley filed a motion to remand the action back to Knox County, arguing that his allegations did not implicate the Copyright Act. (Case No. 2:05-cv-208 Doc. 4.) On May 23, 2005, Magistrate Judge Norah McCann King issued a Report and Recommendation denying the remand, concluding although Foley had attempted to dismiss two counts of the Knox County Complaint, "the remaining allegations still call[ed] into question the proper ownership of certain computer software [and] [s]uch claims are the equivalent of copyright claims, and are completely preempted by the Copyright Act, and therefore fall within the exclusive jurisdiction of the federal courts." (Case No. 2:05-cv-208, Doc. 9.) Defendant Foley voluntarily dismissed the action on June 23, 2005. (Case No. 2:05-cv-208, Doc. 11.)

Plaintiffs filed this action on August 10, 2005, seeking a determination of ownership of the STARS software, alleging interference with contract relations, seeking enforcement of a temporary restraining order, and asserting claims for compensatory and punitive damages. After answering Plaintiffs' Complaint, Foley moved to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(1) asserting lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

Foley argues that the Court lacks subject matter jurisdiction under § 411 of the Copyright Act, which states, "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Foley further argues that because the STARS system has never been registered to receive a copyright, the Court is divested of jurisdiction for failure to comply with § 411(a).

The Sixth Circuit holds, "[w]hen the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The United States Supreme Court also notes:

> [f]ederal courts are of course courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act[s] of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.

*Turner v. President, Directors and Co. of the Bank of N. Am.*, 4 U.S. 8 (1799). *Holt v. United States*, 46 F.3d 1000 (10th Cir. 1995), sets forth the standard in interpreting a motion to dismiss for lack of subject matter jurisdiction. The *Holt* court emphasized the distinction between a facial and factual attack under a 12(b)(1) motion to dismiss, concluding that under a facial attack of the complaint, "[the] similar safeguards [of a 12(b)(6) motion] [are offered] to the plaintiff [because] the Court must accept the allegations in the complaint as true." *Id.* at 1002-1003. The Sixth Circuit adopted this reasoning in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As Foley's Motion to

4

Dismiss is a facial attack on Count One of Plaintiffs' Complaint, the Court shall utilize this

standard.

## III. ANALYSIS

The Sixth Circuit holds that an action arises under the Copyright Act:

> if the Complaint is for a remedy expressly granted by the Act, or
> the Complaint asserts a claim requiring construction of the Act,
> or if the Complaint presents an issue surrounding a 'distinctive
> policy of the Act requiring that federal principles control the
> disposition of the claim,' then the claim 'arises under' the
> Copyright Act.

*Ritchie v. Williams*, 395 F.3d 283, 287-288 (6th Cir. 2005) (quoting *T.B. Harms Co. v.*

*Eliscu*, 339 F.2d 823, 828 (2nd Cir. 1964)).  As such, Plaintiffs must show

(1)    § 411(a) of the Copyright Act is inapplicable because either the STARS system has received a copyright, or Plaintiffs are not bringing a claim for copyright infringement, and
(2)    their Complaint triggers the protections and provisions of the Copyright Act through the criteria set forth above.

### A. Applicability of 17 U.S.C. § 411(a)

As stated previously, Foley argues the Court lacks subject matter jurisdiction

because "no action for *infringement* of the copyright in any United States work shall be

instituted until registration of the copyright claim has been made in accordance with this

title." 17 U.S.C. § 411(a) (emphasis added).  If, however, Plaintiffs have not brought an

action for copyright infringement, then § 411(a) is inapplicable to the present case.

Plaintiffs' Complaint seeks four remedies under Count One:

(1)    exclusive right to use the STARS software under § 301 of the Copyright Act,
(2)    enforcement of the temporary restraining order issued by the Knox County Court of Common Pleas,
(3)    an order preventing Defendant Foley from using the STARS software, and
(4)    compensatory and punitive damages of $100,000.

As such, none of Plaintiffs' claims for relief in Count One allege copyright infringement by Foley. Instead, Plaintiffs are seeking the Court's determination that they have the exclusive right to use the STARS software, which Plaintiffs allege they purchased in April 2003. Plaintiffs also do not allege copyright infringement because the crux of their claims against Foley is that, through wanton and reckless actions, he hijacked the STARS system, directed users to a fraudulent website, and stole the personal information of over 3,000 users. Therefore, the Court concludes that § 411(a) of the Copyright Act is therefore inapplicable to the present case because Plaintiffs do not allege copyright infringement.

### B. Protection under the Copyright Act

#### 1. Whether the STARS Software is within the Subject Matter of Copyright

The Court's next inquiry is whether Plaintiffs' Complaint sufficiently invokes and triggers the protections of the Copyright Act in order to grant the Court jurisdiction over this matter. Plaintiffs' Complaint asserts that the Court has subject matter jurisdiction pursuant to both 17 U.S.C. § 301, and 28 U.S.C. § 1338.

28 U.S.C. § 1338(a) states, "district courts shall have original jurisdiction of any civil action arising under any Act of Congress, relating to...copyrights." The statute goes on to state, "[s]uch jurisdiction shall be exclusive of the courts of the states in...copyright cases." *Id.* 17 U.S.C. § 301(a) of the Copyright Act also vests original jurisdiction in the federal courts, as it provides:

> [o]n and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by [§] 106 in works of authorship that are fixed in a tangible medium and come within the subject matter of copyright as specified by [§§] 102 and 103, whether created before or after that date, whether published or unpublished, are governed exclusively by this title. Thereafter,

> no person is entitled to any such right or equivalent right in any
> such work under the common law or statutes of any State.

The intention of § 301 is to preempt and abolish any rights under the common law or
statutes of a State that are equivalent to copyright. H.R. REP. NO. 94-1476, at 130 (1978).
The allegations in Plaintiffs' Complaint must, therefore, trigger the preemption of § 301(a)
in order to grant the Court jurisdiction.

The first part of the Court's inquiry under § 301(a) is to look to 17 U.S.C. § 106.
"§ 106 may be said to identify the general nature of the rights that fall 'within the general
scope of copyright.' Such a right must inhere in a work of authorship." 1 M. Nimmer,
*Nimmer on Copyright* § 1.01(B)(1). These rights, as defined by § 106, include "the right
to reproduce the copyrighted work in copies or phonorecords, the right to prepare
derivative works based upon the copyrighted work, and the right to distribute copies or
phonorecords of the copyrighted work to the public by sale or other transfer of ownership."
17 U.S.C. § 106(1) - (3). In order for these rights to inhere, the Court must determine
whether the STARS software is a "work of authorship." If it is not, the rights cannot inhere
and there will be no copyright protection.

The Court's inquiry into the issue of whether the STARS software is a work of
authorship is defined by § 301(b). Under § 301(b), the STARS software is a "work of
authorship" if it is fixed in a tangible medium so that it comes within the subject matter of
either §§ 102 or 103. 17 U.S.C. § 301(b)(1). If the STARS software is not fixed in a
tangible medium, §§ 102 and 103 are inapplicable and state law applies as there is no
federal preemption. *Id.* Under § 102(a), "[c]opyright protection subsists, in accordance
with this title, in original works of authorship fixed in any tangible medium of
2:05cv758                                                                                    7

expression...from which they can be...reproduced...either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Plaintiffs' Complaint specifically alleges that the STARS software was created, and the computer hardware and software was then purchased in April 2003. As the Court must accept the allegations as true at this stage of the proceeding, the Court concludes the STARS software is an original work of authorship fixed in a tangible medium of expression under 17 U.S.C. § 102(a), 17 U.S.C. § 301(a), and 17 U.S.C. § 301(b)(1).

### 2. Whether Plaintiffs' Claims Trigger the Copyright Act

Having concluded the STARS software is subject to protection under the Copyright Act, the Court's next inquiry is whether Plaintiffs' claims are either for remedies provided by the Copyright Act, or if they require construction of the Copyright Act. The legislative history to § 301 supports a finding by the Court that the STARS system receives protection under the Copyright Act. "Under [§] 301, a work would obtain statutory protection as soon as it is 'created,'or as that term is defined in [§] 101, when it is 'fixed in a copy or phonorecord for the first time.'" H.R. REP. No. 94-1476, at 129.

Foley argues that because the STARS software has not received a copyright, it cannot be protected by the Copyright Act. However, "[i]t is clear that failure to meet the required standards for federal protection will not negate federal preemption." Harper & Row Publishers v. Nation Enters., 723 F.2d 195 (2nd Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985). The rationale is that failure to comply with the conditions of limited federal protection could lead to an increased form of state protection, which would "roundly contravene not only the expressed legislative intent, but the very purpose of the

preemption structure." 1 *Nimmer* § 1.01(B)(2) Additional support for Plaintiffs' argument that the STARS software should receive statutory protection is found in the legislative history because, "[a]s long as a work fits into one of the general subject matter categories of [§§] 102 and 103, the bill prevents the States from protecting it even if it fails to achieve Federal statutory copyright." H.R. REP. No. 94-1476, at 131. Accordingly, because the STARS software is within the subject matter of § 102, it qualifies for statutory protection.

The Court's inquiry must continue, however, because the legislative history also stresses the importance of deciphering a plaintiff's allegations and claims to assess subject matter jurisdiction:

> [i]n a general way, subsection (b) of [§] 301 represents the obverse of subsection (a). It sets out, in broad terms and without necessarily being exhaustive, some of the principal areas of protection that preemption would not prevent the States from protecting. Its purpose is to make clear, consistent with the 1964 Supreme Court decisions in *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, and *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, that preemption does not extend to causes of action, or subject matter jurisdiction outside the scope of the revised Federal copyright statute.

*Id.* Therefore, it is necessary for the Court to assess the claims and remedies Plaintiffs seek, under the guidance of *Ritchie*, 395 F.3d 283, in order to determine if the action is within the scope of the Copyright Act. Plaintiffs argue § 301supports the Court's finding that their claim for misappropriation should be preempted. Courts hold, "[e]xcept for a few stray rulings, legions of cases...have held preempted claims for misappropriation...[and] [t]hat rationale applies regardless of whether the state law in question labels the claim 'misappropriation.'" *Stromback v. New Line Cinema*, 384 F.3d 283, 302 (6th Cir. 2004)

(quoting 1 *Nimmer* § 1.01(B)(1)(F)(iii)). The Court therefore concludes Plaintiffs' misappropriation claim requires construction of the Copyright Act.

## IV. CONCLUSION

The STARS software is a "work of authorship" which has been fixed in a tangible medium, so it is eligible for copyright protection under 17 U.S.C. § 102. Plaintiffs' claim for misappropriation is preempted under 17 U.S.C. § 301(a), and because Plaintiffs' Complaint is not for copyright infringement, 17 U.S.C. § 411(a) is inapplicable to the present case. The Court therefore concludes that it has subject matter jurisdiction over the present case. Accordingly, the Court **DENIES** the March 10, 2006 Motion of Defendant Foley to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 23).

**IT IS SO ORDERED**.

_____

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**